## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JOHN KATZ,<br>BOP # 66505-019<br>        Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>        Respondent. | MOTION TO VACATE<br>28 U.S.C. § 2255<br><br>CRIMINAL ACTION NO.<br>1:14-cr-00431-AT-JKL-1<br><br>CIVIL ACTION NO.<br>1:20-cv-00074-AT-JKL |

## FINAL REPORT AND RECOMMENDATION

Movant John Katz, a federal prisoner currently confined in the Federal Correctional Institution Coleman-Low in Sumterville, Florida, has filed a *pro se* 28 U.S.C. § 2255 motion to vacate, challenging his 2017 conviction in this Court for attempted enticement of a minor to engage in unlawful sexual activity. (Doc. 35.)  The matter is before the Court for a preliminary review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.  Summary dismissal of a § 2255 motion is proper "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ."  28 U.S.C. foll. § 2255, Rule 4(b).  For the following reasons, **IT IS RECOMMENDED** that the § 2255 motion be **DISMISSED** as time-barred.

## I.   DISCUSSION

### A.   Procedural History

In 2014, a federal grand jury returned an indictment charging Movant with one count of using a facility of interstate commerce to attempt to knowingly persuade, induce, or entice a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b) ("Count 1").  (Doc. 1 at 1-2.)  Ultimately, Movant pled guilty to Count 1 without the benefit of a written plea agreement.  (*See* Doc. 26.)  On January 18, 2017, U.S. District Judge Amy Totenberg entered a final judgment sentencing Movant to 120 months' imprisonment.   (Doc. 32 at 2.) Movant did not pursue a direct appeal of conviction and sentence.

### B.   The 28 U.S.C. § 2255 Motion

Movant executed the instant § 2255 motion on January 2, 2020.[1]  (Doc. 35.) In his motion to vacate, Movant indicates that he wishes to raise three claims for relief:[2]

---

[1] Under the federal "prison mailbox rule," a *pro se* postconviction filing is deemed to be filed on the date it is delivered to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988).

[2] Movant's claims have been restated for the sake of clarity.

2

1.  his plea counsel was ineffective for failing to advise him of his rights under the Confrontation Clause of the Sixth Amendment;

2.  the statute of conviction is unconstitutional under the Confrontation Clause; and

3.  his conduct was excusable by virtue of necessity.

(*Id.* at 1-2.)  Specifically, Movant argues that he would not have pled guilty if he had been advised of his Sixth Amendment confrontation rights.  (*Id.* at 1.)  Movant also argues that he is "legally innocent" of his § 2422(b) conviction because courts have interpreted "minor" as used in the statute to include fictitious persons.  (*Id.* at 1-2, 7.)  Movant argues that such an interpretation of § 2422(b) violates the Confrontation Clause because it is not possible to confront a fictitious minor.  (*Id.* at 1-2.)  Movant also appears to generally assert that the defense of necessity would excuse his conduct.  (*Id.* at 2.)

Movant does not specifically address the timeliness of his § 2255 petition. Instead, Movant argues that the one-year statute of limitations in § 2255(f) violates the Suspension Clause, U.S. Const. Art. I, § 9, cl. 2, and is unconstitutional.  (*Id.* at 2.)  Accordingly, Movant request that this Court review his § 2255 motion on the merits and vacate his conviction.  (*Id.* at 3.)

3

## C.   Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for filing a § 2255 motion that begins to run from the latest of four possible triggering events, including "the date on which the judgment of conviction becomes final."   28 U.S.C. § 2255(f)(1).   When a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking direct appellate review expires.  *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011).

Here, Movant's conviction became final on February 2, 2017, after the expiration of the 14-day time period for filing a notice of appeal.  *See* Fed. R. App. P. (4)(b)(1)(A).  Movant then had until February 2, 2018, to file a timely § 2255 motion.  Consequently, the instant § 2255 motion, filed on January 2, 2020, is untimely.

Movant's argument that the AEDPA's limitation period is *per se* unconstitutional under the Suspension Clause is foreclosed by binding precedent. Every federal appellate court that has addressed the issue, including the Eleventh Circuit Court of Appeals, has determined that a one-year statute of limitations for filing federal collateral attacks does not violate the Constitution. *See, e.g., Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1217 (11th Cir. 2000) (holding that

4

§ 2244(d)'s one-year limitation period applicable to petitions under 28 U.S.C. § 2241 is not an unconstitutional suspension of the writ of habeas corpus); *Delaney v. Matesanz*, 264 F.3d 7, 11-12 (1st Cir. 2001) (holding "that the AEDPA's one-year limitation period does not, as a general matter, offend the Suspension Clause") (collecting cases).

The Eleventh Circuit has suggested that the AEDPA's one-year limitation period might violate the Suspension Clause if a prisoner could make a showing of actual innocence. *Wyzykowski*, 226 F.3d at 1218-19. Similarly, the Supreme Court has held that "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). To state a credible claim of actual innocence, a movant must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found [the movant] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995).

Here, Movant's assertion of "legal innocence" is insufficient to invoke the actual-innocence exception to the AEDPA's statute of limitations. *See McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011) ("[F]or purposes of the actual

innocence exception, 'actual innocence' means *factual* innocence, not mere legal insufficiency.") (quotation omitted) (emphasis in original).  Critically, Movant has not offered any new, reliable evidence of his factual innocence of the crime of conviction." *See Schlup*, 513 U.S. at 324, 327.  Movant does not otherwise allege any grounds for equitable tolling of the limitation period.  *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*) (noting that equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with due diligence).  Accordingly, **IT IS RECOMMENDED** that the § 2255 motion be **DISMISSED** as time-barred.

## II.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right

"includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A certificate of appealability should be denied because the resolution of the issues presented is not debatable.  If the District Court adopts this recommendation and denies a certificate of appealability, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  28 U.S.C. foll. § 2255, Rule 11(a).

7

## III.   CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the § 2255 motion be **DISMISSED** as time-barred under Rule 4(b) of the Rules Governing Section 2255 Proceedings, and that no certificate of appealability issue.

The Clerk of Court is **DIRECTED** to terminate the referral to the undersigned United States Magistrate Judge.

**SO RECOMMENDED** this 13th day of February, 2020.

_____
JOHN K. LARKINS III
United States Magistrate Judge

8